IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

MAR - 7 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Arya EBRAHIMI, a/k/a Brian Padilla, a/k/a Jordan Kalan<br><br>and<br><br>Tariq Sayed METWALLY, a/k/a Omar Mustafa, a/k/a Ahmed Mohammed,<br>                  *Defendants.* | Case No. 1:24-CR-53<br><br>Count 1: 18 U.S.C. § 1028(f)<br>(Conspiracy to Traffic False Identification Documents)<br><br>Count 2: 18 U.S.C. § 1028(a)(2)<br>(Unlawful Transfer of a Document or Authentication Feature)<br><br>Count 3: 18 U.S.C. § 1028(a)(3)<br>(Possession With Intent to Use or Transfer of Five or More Documents or Authentication Features)<br><br>Count 4: 18 U.S.C. § 545<br>(Smuggling Goods into the United States and Attempt)<br><br>Counts 5 and 6: 18 U.S.C. § 1957<br>(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)<br><br>**UNDER SEAL** |

**INDICTMENT**

March 2024 Term—at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
(Conspiracy to Traffic False Identification Documents)

1.    At all times relevant to this Indictment, the defendants:

1

ARYA EBRAHIMI,
a/k/a "Brian Padilla,"
a/k/a "Jordan Kalan"
and
TARIQ SAYED METWALLY,
a/k/a "Omar Mustafa,"
a/k/a "Ahmed Mohammed,"

were residents of the Eastern District of Virginia. Defendants EBRAHIMI and METWALLY, together with others known and unknown to the Grand Jury, imported high-quality counterfeit driver's licenses and identification cards ("IDs") from China to the Eastern District of Virginia via mail shipment. The defendants operated an online enterprise using various websites to include, but not limited to "Apexfakes.com" and "fakeyourdrank.com" to sell counterfeit IDs. The defendants sold the IDs to individuals across the United States, with whom they communicated via electronic mail messages and other online platforms such as Instagram, SnapChat, and Facebook.

2.  Defendant EBRAHIMI opened bank accounts in the name of TOP NOTCH IT SERVICES, INC. and APEX TECH SERVICES, INC. through which defendants' customers deposited payments for the sale of counterfeit IDs using payment platforms such as Zelle. Both entities are headquartered in Virginia and both entities were created by EBRAHIMI. As of the date of this Indictment, TOP NOTCH IT SERVICES, INC. is an inactive corporation, however, APEX TECH SERVICES, INC. is listed as active according to the Virginia State Corporation Commission.

3.  The IDs were "identification documents" made or issued by or under the authority of the United States Government, a State, or political subdivision of a State, which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

2

## The Conspiracy

4.   From a date unknown and no later than July 2020, continuing until at least the date of this Indictment, in the Eastern District of Virginia and elsewhere, the defendants did knowingly and intentionally conspire with each other and others to knowingly traffic in false and actual authentication features for use in false identification documents and means of identification, to wit, counterfeit driver's license and identification cards, the trafficking of which was in and affecting interstate and foreign commerce, and the offense involved the production and transfer of an identification document, authentication feature, and false identification document that is and appears to be (i) an identification document and authentication feature issued by and under the authority of the United States; and (ii) a driver's license and personal identification card, the offense involved the production and transfer of more than five identification documents, authentication features, and false identification documents, all in violation of Title 18, United States Code, Sections 1028(a)(8) and (b) (1).

## Goal of the Conspiracy

5.   The goal of the conspiracy was for defendants EBRAHIMI and METWALLY, and their co-conspirators, to enrich themselves by shipping counterfeit IDs and cards which were converted into counterfeit IDs from China and selling them to customers in the United States through TOP NOTCH IT SERVICES, INC. and APEX TECH SERVICES, INC, and other entities unknown to the grand jury.

## Manner and Means of the Conspiracy

6.   It was part of the conspiracy that:

   a. Beginning sometime unknown and continuing until the time of this Indictment, the defendants and their co-conspirators advertised their services of procuring and selling high-quality, counterfeit IDs to customers throughout the United States

through various websites and social media pages.

b. Beginning sometime unknown and continuing until to the time of this indictment, defendants EBRAHIMI and METWALLY—using fake identities—received shipments from China containing completed counterfeit IDs and blank template cards used to make counterfeit IDs.

   i. Defendant EBRAHIMI, under the name "Brian Padilla" rented a United Postal Service Box at the UPS Store #6631, 9994 Sowder Village Square, Manassas, VA 20109 in the Eastern District of Virginia, which was listed as the receiving address for a package containing counterfeit IDs from China. Defendant EBRAHIMI, using a counterfeit Illinois Driver's License under the name Brian Padilla, listed a home address of 9451 Lee Hwy, Fairfax, VA on the post office box application.

   ii. Defendant EBRAHIMI, under the name "Jordan Kalan" rented a United Postal Service Box at the UPS Store #5000 located at 7371 Atlas Walk Way, Gainesville, Virginia in the Eastern District of Virginia, which was listed as the receiving address for a package containing counterfeit IDs from China. Defendant EBRAHIMI, using a counterfeit North Carolina Driver's License under the name Brian Jordan Kalan, listed a home address of 9451 Lee Hwy, Fairfax, VA on the post office box application.

   iii. Defendant METWALLY, under the name "Omar Mustafa" rented a United Postal Service Box at the UPS Store #4985, 3057 Nutley Street, Fairfax, VA 22031 in the Eastern District of Virginia, which was listed as the receiving address for a package containing counterfeit IDs from

China. Defendant METWALLY, using a counterfeit Illinois Driver's License under the name Omar Mustafa, listed a home address of 9451 Lee Hwy, Fairfax, VA on the post office box application.

    iv. Defendant METWALLY, under the name "Ahmed Mohammed" rented a United Postal Service Box at the UPS Store #518, 344 Maple Avenue West, Vienna, VA 22180 in the Eastern District of Virginia, which was listed as the receiving address for a package containing counterfeit IDs from China. Defendant METWALLY, using a counterfeit Illinois Driver's License under the name Ahmed Mohammed, listed a home address of 3444 Lapp Lane, Naperville, IL 60564 on the post office box application.

7. Beginning at a date unknown to the time of this indictment, defendants METWALLY and EBRAHIMI knowingly sold these counterfeit IDs to individuals across the United States. While some of these individuals were under the age of 21 wanting to appear to be older than age 21, many individuals who purchased IDs from defendants appeared much older and some had criminal histories.

    (All in violation of Title 18, U.S. Code, Section 1028(f), (a)(8)(A), (b)(1).)

## COUNT TWO
(Unlawful Transfer of a Document or Authentication Feature)

THE GRAND JURY FURTHER CHARGES THAT:

8. On or about and between March 8, 2019 and the date of this Indictment, in the Eastern District of Virginia, defendant ARYA EBRAHIMI a/k/a Brian Padilla, a/k/a Jordan Kalan, did knowingly transfer an identification document, authentication feature, and a false identification document, to wit: sold multiple counterfeit driver's licenses and state identification cards via the internet, knowing that such document and feature was stolen and produced without lawful authority, and the production and transfer of the identification document, authentication feature, and false identification document was in and affected interstate and foreign commerce and the identification document and false identification document was transported in the mail in the course of the unauthorized production and transfer.

(All in violation of Title 18, U.S. Code, Section 1028(a)(2), (b)(1)(A), (b)(5).)

## COUNT THREE
(Possession With Intent to Use or Transfer of Five or More
Documents or Authentication Features)

THE GRAND JURY FURTHER CHARGES THAT:

9.  On or about August 14, 2020, in the Eastern District of Virginia, the defendant, ARYA EBRAHIMI a/k/a Brian Padilla, a/k/a Jordan Kalan, did knowingly possess with intent to use unlawfully and transfer unlawfully at least five identification documents not issued lawfully for the use of the defendant, authentication features, and false identification documents, to wit: approx. 62 counterfeit driver's licenses and 2,781 blank PVC cards, the transfer, possession, and use of the identification documents, authentication features, and false identification documents were in and affected interstate and foreign commerce and the identification documents and false identification documents were transported in the mail in the course of the unauthorized transfer, possession, and use.

(All in violation of Title 18, U.S. Code, Section 1028(a)(3), (b)(2)(B), (5).)

## COUNT FOUR
(Smuggling Goods into the United States and Attempt)

THE GRAND JURY FURTHER CHARGES THAT:

10.     On or about and between January 1, 2020 and August 10, 2020, in the Eastern District of Virginia, the defendants, ARYA EBRAHIMI, a/k/a Brian Padilla, a/k/a/ Jordan Kalan and TARIQ SAYED METWALLY, a/k/a Omar Mustafa, a/k/a Ahmed Mohammed, fraudulently and knowingly did conceal and facilitate, and attempted to do so, the transportation of merchandise imported contrary to law, that is, counterfeit driver's licenses and identification cards, after the importation thereof, the defendants then knowing that said merchandise had been imported and brought into the United States contrary to law, in that each of them knowingly trafficked in false and actual authentication features for use in false identification documents, document-making implements and means of identification.

(All in violation of Title 18, U.S. Code, Section 545.)

## COUNTS FIVE AND SIX

(Engaging in Monetary Transactions in Property Derived from
Specified Unlawful Activity)

11. On or about the dates listed, each count further described below, in the Eastern District of Virginia, defendant ARYA EBRAHIMI a/k/a Brian Padilla, a/k/a Jordan Kalan, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, namely, the monetary transactions identified below, which transactions involved the deposit, withdrawal, transfer, and exchange, in and affecting interstate commerce, of funds and a monetary instrument by, through, and to a financial institution, which offenses took place in the United States, and which funds were derived from specified unlawful activity, namely, proceeds of the conspiracy to traffic false identification documents alleged in Count 1 of this Indictment, unlawful transfer of a document and authentication feature alleged in Count 2 of this Indictment, possession with intent to use and transfer five or more documents and authentication features alleged in Count 3 of this Indictment, and smuggling goods into the United States alleged in Count 4 of this Indictment:

| Count | Approx. Date | Monetary Transaction |
|---|---|---|
| 5 | 8/8/2022 | Transfer of approximately $29,736.83 from United Bank account xxxx7101 to United Bank account xxxx5748 |
| 6 | 9/20/2022 | Transfer of approximately $32,335.61 from United Bank account xxxx5748 to United Bank account xxxx7101 |

(All in violation of Title 18, United States Code, Section 1957.)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT THE PROPERTY DESCRIBED BELOW IS SUBJECT TO FORFEITURE:

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendants ARYA EBRAHIMI, a/k/a Brian Padilla, a/k/a/ Jordan Kalan, and TARIQ SAYED METWALLY, a/k/a Omar Mustafa, a/k/a Ahmed Mohammed are hereby notified that, if convicted of any offense alleged in Counts 1 through 3 of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B) and Title 18, United States Code, Section 1028(b)(5) and (h) the following: (1) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the violation; (2) any personal property used or intended to be used to commit the Count(s) of conviction; and (3) all illicit authentication features, identification documents, document-making implements, or means of identification, as those terms are defined in Title 18, United States Code, Section 1028(d).

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendants ARYA EBRAHIMI, a/k/a Brian Padilla, a/k/a/ Jordan Kalan and Tariq Sayed METWALLY, a/k/a Omar Mustafa, a/k/a Ahmed Mohammed are hereby notified that, if convicted of any offense alleged in Count 4 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18 United States Code, Sections 982(a)(2)(B) and 545, any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation, and any merchandise introduced into the United States in violation of Section 545, or the value thereof.

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant ARYA EBRAHIMI, a/k/a Brian Padilla, a/k/a/ Jordan Kalan is hereby notified that, if convicted of an offense alleged in Counts 5 through 6 of this Indictment, the defendant shall forfeit to the United States, pursuant to

18 U.S.C. § 982(a)(1), any property, real or personal, involved in the violation, or any property traceable to such property.

The property subject to forfeiture includes, but is not limited to the following:

    a.    A sum of money equal to at least $1,000,000.00, representing the amount of proceeds obtained as a result of the conspiracy charged in Count 1 and the document fraud scheme charged in Counts 2 and 3.

If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Sections 545, 982(a)(1) and (a)(2)(B), 1028(b)(5); Title 21, United States Code, Section 853(p); and Federal Rule of Criminal Procedure 32.2(a).)

A TRUE BILL

*Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office*

FOREPERSON

Jessica D. Aber
United States Attorney

By: _____
Alessandra P. Serano
Assistant United States Attorney

By: _____
Joseph Castro
Special Assistant United States Attorney